SOUTHERN DISTRICT OF NEW YORK
UNITED STATES DISTRICT COURT
-------------------------------------------------X

Christine Drury

                Plaintiff

**COMPLAINT**
Electronically Filed

05 Cv 10646 (JSR)

   -against-

**JURY TRIAL DEMANDED**

Waterfront Media, Inc.

                Defendant

-------------------------------------------------X

Plaintiff Christine Drury, by her attorneys, **EGAN LAW FIRM,** complaining of defendant Waterfront Media, Inc. ("defendant" or "Company") respectfully alleges as follows:

### Parties, Jurisdiction, Venue

1. Plaintiff Christine Drury was employed by defendant as a Vice President from October 2003 until July 2005 when she was discharged.

2. Defendant is in the business of publishing self help products on the web, such as the South Beach Diet and the Zone Diet, among others. Its purpose is to connect self help experts with people interested in improving their lives in one way or another. At the time plaintiff was employed there, defendant had millions of subscribers who received self help content on a daily basis. Defendant also provided web based advertising services. Its

1

clients included Kraft Foods, Equal, Diet Coke and Novartis. Defendant is headquartered in New York City.

3.   Over the course of her employment with defendant, plaintiff was discriminated against in the terms and conditions of her employment because she is a woman. She was paid lower wages and received fewer benefits and perquisites than male employees though she was performing work substantially equal to the work they performed for Waterfront. Although plaintiff repeatedly complained to her supervisors and defendant's Human Resources Department about the pay differential and the sex discrimination, Waterfront took no steps to stop it and instead when plaintiff advised defendant that she had filed a charge with the EEOC, it retaliated against her.

4.   Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission. The EEOC issued a notice of right to sue.

5.   The jurisdiction of this Court is based on Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act

6.   Pursuant to 28 U.S.C 1391(c), venue in this district is proper as a district in which defendant corporation is subject to personal jurisdiction.

### The Facts

7.   Plaintiff was hired by defendant in October 2003. She was hired as Director, Project Management and in March 2004, she was promoted to Vice President, Production and Operations. She was the thirteenth full time staff member hired by the founders of Waterfront and the fifth member of the management team. Prior to joining Waterfront, plaintiff had 10 years of

web publishing experience. Until May 9th 2005, she was the only woman in senior management at defendant Company.

8. Plaintiff's duties included managing a $2 million operations budget and all Company operations including technology, product development, project management , quality assurance, design and email production. Plaintiff had a staff of 18 persons reporting to her, was a member of the Executive Hiring Committee and attended management meetings, meetings of the Company's Board of Directors and executive off site planning meetings.

9. In February 2005, defendant demoted plaintiff from Vice President, Production and Operations to Vice President, Project Management. She no longer reported directly to the founders of the Company but to her replacement. Her staff was cut from 18 to 4 and she no longer was invited to attend executive management meetings. Defendant told her that the purpose of the demotion was to bring in a Chief Technology Officer with experience making "large scale technology decisions."

10. Until her demotion, the Vice President of Technology had been reporting to her. Plaintiff had been responsible for setting standards, goals and priorities for his performance. When advised of her demotion, plaintiff protested that she had experience making "large scale technology decisions," that she had made all such decisions since coming to defendant Company and that she had experience making such decisions at prior employers. Notwithstanding, defendant stripped plaintiff of her

3

responsibilities respecting technology and had the Vice President of Technology report to plaintiff's replacement.

11. The person who took over most of plaintiff's responsibilities was male, the former Vice President of Customer Service. He was given the title Vice President, Operations.  Responsibilities of plaintiff which were not assigned to her replacement were outsourced to external project managers and vendors to execute at a significant increase in cost to defendant Company.  The new VP, Operations had less technical experience and specific training in the responsibilities to which he was assigned than plaintiff.  The new VP Operations had fewer responsibilities than plaintiff had had as Vice President, Production of Operations.  Notwithstanding, the male who replaced plaintiff was paid $50,000 more per annum than she.

12. After her demotion, plaintiff learned that the compensation she had been receiving as Vice President, Production and Operations was and had been approximately 30% lower than vice presidents of the Company who were men.

13. She also made 30% less than three of the men who reported to her.

14. In addition, throughout her tenure as Vice President, Production and Operations, she received lower bonuses, fewer stock options and fewer perquisites than male Vice Presidents with comparable or fewer responsibilities.

15. When plaintiff demanded that management explain why she was being paid less and receiving lower bonuses, fewer stock options and

perquisites than comparably situated male vice presidents, management refused.

16. Thereafter, plaintiff filed a charge with the Equal Employment Opportunity Commission. When defendant learned that plaintiff had contacted the EEOC, it assigned plaintiff to share an office with her subordinates, though all the other Vice Presidents had offices of their own. It removed her from the management distribution list, including from the distribution of Reports of the Board of Directors which she had previously received. The tasks that plaintiff was called upon to perform were tasks that she had performed ten years ago while the more complex tasks were assigned by management to one of her few remaining subordinates. Defendant company further reduced plaintiff's responsibilities until she no longer had enough to do to keep her occupied 35 hours a week.

17. Plaintiff repeatedly asked defendant to tell her what her job was and to identify the responsibilities of that job but defendant refused.

18. As a result of her significantly reduced responsibilities and of not having an identifiable "job", she was not considered for increases in salary, bonuses and promotions that other vice presidents were being considered for at the time.

19. From the time that she reported the Company's conduct to the EEOC until her departure in July 2005, the atmosphere at work was increasingly hostile. Plaintiff was humiliated by the way in which she was being treated at work.

20. Defendant told plaintiff that it did not intend to restore plaintiff to her former position, to compensate her for the difference between her pay and the pay of other vice presidents and of her replacement, to assign her work commensurate with her background and experience or with enough work to keep her busy. Company executives continued to be rude and abusive to plaintiff. They made it clear that they did not wish plaintiff to continue working at defendant Company and that if she did continue to come to work, she would be fired. Finding her working conditions intolerable, plaintiff did not return to work after July 15, 2005.

## AS AND FOR A FIRST CAUSE OF ACTION
(Sex Discrimination)

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. It was the policy and practice of defendant to discriminate against women. Until her demotion in March 2005, plaintiff was the only woman in senior management. After her demotion, there were no women in senior management until plaintiff submitted her charge to the EEOC.

23. By paying male vice presidents more than plaintiff for work the performance of which required the same or less skill, effort, experience and level of responsibility than the work plaintiff was performing, defendant discriminated against plaintiff because of her sex.

24. By demoting her from the position of Vice President, Production and Operations and replacing her with a male who had less experience than she had and by paying her replacement $50,000 more than it had paid

plaintiff before her demotion, defendant discriminated against plaintiff because of her sex

25.  Such conduct constitutes a knowing and willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000(e) et. seq., and the Equal Pay Act, 29 U.S.C. § 206(d) committed by defendant with malice and reckless indifference to plaintiff's rights.

26.  Plaintiff was severely injured by such conduct.  She was denied fair and equal compensation and suffered mental and emotional pain and suffering for which damage plaintiff is entitled to relief from defendant including liquidated and punitive damages and attorneys fees.

## **AS AND FOR A SECOND CAUSE OF ACTION**
(Retaliation)

27.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28.  As a direct result of plaintiff's complaint to the EEOC following her demotion and her discovery that she had been receiving less compensation than other similarly situated vice presidents as hereinabove alleged, defendant made plaintiff's working conditions intolerable. Defendant, inter alia, ceased to assign plaintiff work commensurate with her background and experience.  It failed to assign her enough work to keep her busy full time.  It assigned work around plaintiff to her subordinates. Defendant executives refused to address her complaints respecting discrimination, to provide her with a job description or consider her for promotion or bonuses along with others working for the Company.  Most

defendant executives refused to even speak to her, except to make derogatory or sarcastic remarks.

29. Defendant Company made clear to plaintiff that it did not wish her to continue working at the Company and that if she continued to come to work, notwithstanding the extraordinarily hostile environment, she would be terminated. Plaintiff therefore did not return to work after July 15, 2005.

30. Such retaliatory actions constitute knowing and willful violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-3 and the Equal Pay Act, 29 U.S.C. § 215(a)(3) committed by defendant with malice and reckless indifference to plaintiff's rights.

31. Plaintiff has been gravely injured by such conduct and is entitled to equitable relief and compensatory damages therefore, including pain and suffering, punitive damages and attorneys fees.

### AS AND FOR A THIRD CAUSE OF ACTION
(N.Y. State Law)

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as though fully set forth herein.

33. The conduct set forth hereinabove also constitutes a knowing and willful violation of section 296(a) and (e) of the New York State Executive Law and §194 of the New York State Labor Law.

34. Defendant is liable to plaintiff for compensatory and liquidated damages for such violations, including for her pain and suffering and attorneys fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
(New York City Code)

35    Defendant repeats and realleges the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36.   The conduct set forth hereinabove also constitutes a knowing and willful violation §§ 8-107(1)(a) and 8-502(a) of the New York City Code.

37.   Defendant is liable to plaintiff for equitable relief and compensatory damages, including punitive damages and attorneys fees.

WHEREFORE, plaintiff demands judgment against the defendant in the amount of $ 1 million plus costs, disbursements, interest and attorneys fees and such other and further relief as this Court may deem just and proper.

Date:  New York, New York
       December 19, 2005

Respectfully submitted,

EGAN LAW FIRM

*[signature]*

Susan B. Egan (SE 2554)
258 Broadway
Suite 8E
New York, NY 10007
212 619 8456

9